## WAKKILA,
*Appellant,*

*v.*

## CITY OF PORTLAND CIVIL SERVICE BOARD et al,
*Respondents.*

(A82-07-04245; CA A27564)

673 P2d 581

John M. Wight, Portland, argued the cause and filed the brief for appellant.

Richard A. Braman, Portland, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner in this writ of review proceeding appeals from a judgment of the circuit court affirming the decision of the City of Portland Civil Service Board (Board), which denied petitioner's request that she be recognized as a city employe with permanent status in the job classification of Administrative Services Officer-I (ASO-I). We affirm, but on a ground different from that relied on by the trial court.

In 1980, petitioner took Civil Service examinations for Principal Accountant and ASO-I and was ranked among the top three candidates on both examinations. Pursuant to the city charter, the Board certified petitioner's name to the Police Bureau on notification of a pending vacancy in the Bureau's Principal Accountant position. She was appointed to that position on February 10, 1981.

On February 2, 1981, the Bureau had requested that the Civil Service staff review the position of Principal Accountant for reclassification. On the basis of a staff audit and recommendation, on March 17, 1981, the Board reclassified the position to that of ASO-I. The city council had a policy of considering ordinances for funding of Board-approved upward classifications only at the last council meeting in each calendar quarter. The Police Bureau was not notified of the March 17 reclassification in time to submit the ordinance for council consideration in March, but an internal decision was made to submit an ordinance creating the position retroactively as of March 17 at the last June council meeting. On April 1, 1981, a certification of persons eligible for ASO-I was sent to the police bureau in response to a notice of vacancy sent by the bureau, most likely in anticipation of the creation of the position by city council. Petitioner's name was among those certified.

On June 1, 1981, Ronald Still was appointed Chief of Police and, according to an August 31, 1981, memo from Doug Fenstermaker, petitioner's supervisor, to the Bureau's Fiscal Administration office, the ordinance was delayed indefinitely until decisions on internal reorganization could be made. Fenstermaker's memo authorized payment at the level of ASO-I for petitioner from March 17, 1981, to the effective date of the reorganization. Petitioner was later paid retroactively

at the ASO-I salary from March 17, 1981, to September 9, 1981.

On September 10, 1981, Charles Makinney was temporarily appointed Director, Office of Technical Services, which position was reclassified as Director of Fiscal Services on October 20, 1981. Because Makinney's position in the reorganized Office of Fiscal Services included many of the duties and responsibilities formerly assigned to the proposed ASO-I position, Makinney and Harvey McGowen, a personnel analyst in the Civil Service Bureau, determined that they would not request a reclassification of the position from ASO-I to Principal Accountant, but would consider it a position of Principal Accountant from September 10, 1981, on.

After learning that the Bureau's proposed 1982-83 budget did not include a position of Principal Accountant or ASO-I, petitioner requested that the Board grant her permanent status as an ASO-I. On May 24, 1982, the Board formally voted to grant petitioner status as an ASO-I from the period of March 17, 1981, to September 10, 1981, provided that she agree in writing not to "bump" an incumbent ASO-I. Petitioner's counsel notified the Board that the agreement was unacceptable, because it did not recognize petitioner's permanent status in the ASO-I position. On June 15, 1982, the Board voted to deny petitioner's request.

Petitioner obtained a writ of review, and the circuit court remanded the matter to the Board to consider additional documents. On November 16, 1982, the Board decided that it had no authority under the city charter to recognize petitioner's status as an ASO-I, because the position was never created by the city council and petitioner was never appointed to the position from an eligible list. On this writ of review, the circuit court affirmed the Board's decision because, although it was unpersuaded by the Board's reasoning, it concluded that petitioner was not entitled to permanent status as a matter of law, because she had served in the position of ASO-I for less than six months.

Petitioner contends that the court erred in holding that she had ceased to serve in the ASO-I position after September 10, 1981, because (1) the Board did not raise this issue before the trial court, (2) no Board action was ever taken

to change petitioner's classification from ASO-I to Principal Accountant and (3) the first Board action with regard to the Bureau reorganization was taken when Makinney's position was reclassified on October 20, 1982, at which time petitioner had completed her six-month probationary period. We find it unnecessary to reach these issues because, even assuming that petitioner had served six months as an ASO-I, the Board lacked authority to recognize her as having permanent status.

The scope of the Board's power is delineated by Chapter IV of the City of Portland Charter. "A city's charter is, in effect, the city constitution." *Portland Police Assn v. Civil Service Board,* 292 Or 433, 440, 639 P2d 619 (1982). Pursuant to charter § 4-108, the duty of the Board, when notified by an appointing authority that a vacancy exists, is to certify the names of the three candidates highest on the appropriate eligibility list. The appointing authority, generally, must appoint one of those three candidates. When a candidate is appointed to a vacant position and successfully completes the period of probation, he or she acquires permanent civil service status.[1] Although the Board is empowered to

---

[1] City of Portland Charter § 4-108, provides:

"Whenever there shall be a vacancy in any position in the classified civil service, the appointing authority shall immediately notify the board thereof. The board shall thereupon certify to such appointing authority the names and addresses of the three eligible candidates standing highest upon the register for the class or grade to which such position belongs, but, if there be less than three, the board shall so certify all such candidates upon the register. When vacancies exist in two or more positions of the same class in the same department at the same time, the board may certify a less number than three candidates for each position, but those certified must be the eligible candidates standing highest upon the register. The appointing authority may require the candidates so certified to come before him, and shall be entitled to inspect their examination papers. The appointing authority shall appoint to each vacant position, on probation for a period to be fixed by the rules, one of the candidates so certified. Within such period, the appointing authority may discharge such probationer, and, in like manner, appoint another of such candidates, and so continue until all said candidates have been so appointed; but the appointing authority must make permanent appointment from said list of candidates unless, upon reasons assigned in writing by the appointing authority, the board consents to and does certify a new list of candidates. If any probationer is not discharged within the period of probation, his appointment shall be deemed permanent. Any person who has been employed in any one department of the public service of the city for the six years immediately preceding the taking effect of this charter, shall, upon making satisfactory proof of such employment to the board, within thirty days after its appointment, provided the position which he occupies at the time this charter goes into effect is included in the classified civil service, be certified by the board to the appointing authority for that position as entitled to appointment, and such

administer the civil service system generally, only the city council has authority to create and abolish positions, and only the mayor and city commissioners have authority to appoint and remove incumbents under charter § 2-603.[2] In construing the power of the Board in *Drake v. City of Portland,* 172 Or 558, 589, 143 P2d 213 (1943), the court said:

> "* * * The Board can neither employ nor discharge anyone, it can neither create nor abolish any position; it can alter neither salaries nor seniority rights. Only the council can create a position, and only the commissioner in charge of the department where a vacancy exists can employ anyone."

The Police Bureau did not transmit for the city council's consideration the last week of June, 1981, the form of ordinance that would have created an ASO-I position retroactive to March 17, 1981. Because the council did not create a position, there was no vacancy to which petitioner could have been appointed. Had petitioner complained of the inaction in a timely manner, the Board could have rectified the situation.[3]

appointing authority shall forthwith appoint said person to such position. The appointing authority shall immediately notify the commission of any appointment or discharge."

[2] Charter § 2-603 provides, in pertinent part:

"The council shall have the power by ordinance to create and abolish all such subordinate offices, places and employments in the service of the city as it may deem necessary for efficient and economical administration. The mayor and each commissioner shall appoint and may suspend or remove the incumbents of all subordinate offices and employments in his department, subject to other provisions of this charter. * * * All such appointments, suspensions and removals shall be subject to the civil service rules of this charter except as to incumbents of positions expressly exempted therefrom."

[3] At the Board meeting of May 24, 1981, Fenstermaker, petitioner's supervisor, stated that

"* * * it was my feeling that at least until the ordinance was passed approving the position or other action was taken to rescind the original civil service classification, she was working out of classification."

Had the Board been notified of petitioner's situation earlier, it could have effected compliance with the civil service provisions of the charter through its payroll certification process. Charter § 4-118 provides, in pertinent part:

"It shall be the duty of said civil service board to prepare, continue, and keep in their office a complete roster of all persons in the classified civil service of the city. * * * It shall be the duty of all officers and employes of the city to give the board all the information which may be reasonably requested, or which the regulations established by the board may require, in aid of the preparation or continuance of said roster, and, so far as practicable, it shall indicate whether any and what persons are holding any and what offices or places aforesaid in violation

Although it appears that she is the victim of a bureaucratic mishap, the Board is currently without power to correct it.

Affirmed.

of this article or of any regulations made thereunder. Said civil service board shall have access to all public records and papers, the examination of which will aid in the discharge of their duties in connection with said roster. It shall be the duty of said board to certify to the auditor the name of each person appointed or employed in the classified civil service stating in each case the title or character of the office or employment, the date of the commencement of service by virtue thereof, and the salary or other compensation paid, and, also, as far as practicable, the name of each person employed in violation of this act or of the regulations established thereunder, and to certify to the said auditor in like manner every change occurring in any office or employment of the classified civil service forthwith on the occurrence of the change. No officer or employe of the city shall draw, sign, countersign, or issue any warrant or order for the payment of, or pay any salary or compensation to any person in the classified civil service who is not certified by the board to the auditor as having been appointed or employed in pursuance of this article and of the regulations in force thereunder. * * *"